# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES, | CASE NO. 11cr1091-MMA |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |
| RAUL EDGARDO CASTRO, | [Doc. No. 15] |
| Defendant. | |

On March 23, 2011, a grand jury returned a one-count Indictment charging Defendant Raul Edgardo Castro with Attempted Entry After Deportation in violation of 8 U.S.C. § 1326(a) and (b). The matter is currently before the Court on Defendant's Motion to Dismiss the Indictment. Defendant argues that his only prior order of deportation is invalid and thus the Indictment against him must be dismissed. For the following reasons, the Court **DENIES** Defendant's motion.

## DISCUSSION

On May 18, 1999, Defendant was ordered deported on two grounds: (1) for having a drug trafficking conviction that qualified as an aggravated felony conviction and (2) for having a conviction involving a federally controlled substance. On this basis, an Immigration Judge ("IJ") informed Defendant that he was not eligible for any relief from removal. Defendant argues judicially noticeable conviction documents do not demonstrate sufficiently that he was convicted of either an aggravated felony or a controlled substance conviction, and he was therefore eligible for

pre-conclusion voluntary departure. As such, Defendant argues the IJ erred by finding him deportable on both grounds, rendering his deportation fundamentally unfair.

*1. Relevant Law*

To succeed on a collateral attack, a defendant must establish that: (1) he exhausted available administrative remedies; (2) the deportation proceedings deprived him of the opportunity for judicial review; and (3) the deportation order was "fundamentally unfair." 8 U.S.C. § 1326(d). A defendant need not fulfill the exhaustion requirement when an IJ fails to "inform him that he [is] eligible for relief from deportation." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049 (9th Cir. 2004). Additionally, an IJ's failure to inform a defendant of possible relief deprives him of the opportunity for judicial review. *See United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 n. 2 (9th Cir. 2004). The entry of a removal order was "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in the underlying deportation proceedings, and (2) he was prejudiced by those defects. *Ubaldo-Figueroa*, 364 F.3d at 1048 (citations omitted).

*2. Analysis*

a) <u>Aggravated Felony</u>

According to the judicially noticeable documents submitted by the government and the defense, Defendant was charged in a felony complaint with "possession of a controlled substance" in violation of California Health & Safety Code section 11350(a).[1] *See Felony Complaint*, Def. Ex. E; Possession of a controlled substance is not an aggravated felony for purposes of a deportation proceeding. *See Lopez v. Gonzales*, 127 S. Ct. 625, 629 (2006) (possession of a controlled substance, even if punished as a felony in the state system, is not a federal felony and so does not qualify as an aggravated felony in a deportation proceeding). However, at the time of his change of plea hearing, the prosecution requested that the court amend the complaint to charge Defendant with violation of California Health & Safety Code section 11352(a), which prohibits the transportation of, sale of, or offer to sell controlled substances. At the hearing, the court agreed to amend the

---

[1] The Court may consider a limited number of judicially noticeable documents to determine whether the defendant's state court conviction constitutes a removable offense under the immigration statute. The set of judicially noticeable documents may include the charging documents, the judgment of conviction, the minute order fully documenting the judgment, and a signed guilty plea or a transcript from the plea proceedings. *Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1035 (9th Cir. 2010).

complaint, and the complaint was altered by hand to reflect that Defendant was charged with 11352(a) rather than 11350(a). Thus, it is clear that Defendant was charged with, and pleaded guilty to, a transportation/sale/offer to sell charge, rather than just a mere possession charge.

This does not end the inquiry, however, because the Ninth Circuit has held that 11352(a) is overly broad, and thus the Court must engage in a modified categorical analysis in order to determine whether Defendant's felony conviction qualified as an "aggravated" felony. The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43)(B) as "any illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924© of Title 18)." *Id.* Thus, in order to qualify as an aggravated felony, Defendant has to have been convicted of selling a controlled substance, rather than merely offering to sell or transporting it.

Here, the judicially noticeable facts and documentation in the record do not establish to the requisite degree of proof whether Defendant's conviction under California Health and Safety Code § 11352(a) was for sale or transportation of a controlled substance, and the IJ therefore erred in finding that his crime was an aggravated felony. *See United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc) (a transportation conviction is not punishable under the Controlled Substances Act and therefore is not an aggravated felony). The felony complaint charged possession and was amended by hand only to change the charging statute, not the underlying facts or explanation of the charges. The abstract of judgment is ambiguous, noting that Defendant pleaded guilty to one count of "transport/sell narc. contrl subs." There is no signed guilty plea in the record, and the court took no factual basis at the change of plea hearing transcript. Furthermore, the transcript does not clearly and unequivocally demonstrate that Defendant pled guilty to the "sale" of a controlled substance. The prosecutor stated that Defendant was charged with "a violation of health and safety code section 11352, a felony, commonly known as sale of controlled substance which was cocaine." However, the court later inquired whether Defendant pleaded guilty to "the complaint as amended" which only reflected the change in the charging statute, not the nature of the violation, and still read on its face as a felony complaint for possession.

"The Government must prove by 'clear, unequivocal, and convincing evidence that the facts

alleged as grounds of [removability] are true.'" *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1076 (9th Cir. 2007), quoting *Gameros-Hernandez v. INS*, 883 F.2d 839, 841 (9th Cir.1989). That the government has not met its burden of showing that Defendant's conviction qualifies as an aggravated felony necessarily invalidates the IJ's determination that Defendant was statutorily ineligible for pre-conclusion voluntary departure under Section 241(a)(2)(A)(iii) of the Immigration and Naturalization Act on the grounds that his Section 11352(a) conviction was an aggravated felony as defined in section 101(a)(43)(B) of the Act.

    b)  <u>Controlled Substances Act</u>

  The felony complaint referenced above charged Defendant with possession, and later as amended, with either the sale, transportation, or offer to sell cocaine. Defendant argues that this evidence is not sufficient under controlling Ninth Circuit precedent to establish that he was convicted of a felony involving a federally controlled substance.

  An alien's state criminal conviction for possession of controlled substances cannot serve as a predicate for removal unless the government has proven that the underlying substance is covered by section 102 of the Controlled Substances Act (CSA), 21 U.S.C. § 802. *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072 (9th Cir. 2007) (state criminal conviction for possession of controlled substance could not serve as predicate for removal when nature of substance was unclear). However, as the Ninth Circuit stated in *Ruiz-Vidal*, if "[t]he administrative record contains no plea agreement, plea colloquy, or any other document that would reveal the factual basis for [the] conviction," the Court is "left only to speculate as to the nature of the substance. But speculation is not enough." *Ruiz-Vidal*, 473 F.3d at 1079. This is because California law regulates the possession and sale of many substances that are *not* regulated by the federal Controlled Substances Act. *See e.g., Ruiz-Vidal*, 473 F.3d at 1078. Thus, where a conviction under one of these statutes is at issue, the government must show that the conviction was for possession of a substance that is listed in the schedules of the federal Controlled Substances Act, 21 U.S.C. § 802.

  Here, the government argues that the felony complaint, together with the specific identification of cocaine as the controlled substance at issue during the change of plea hearing as reflected in the transcript, demonstrates clearly that Defendant was convicted of a felony involving

cocaine, a federally controlled substance. *See* 21 U.S.C. §§ 802(6), 812 Schedule II(a)(4). Based on recent persuasive Ninth Circuit case law, the Court agrees. *See Garcia v. Holder*, 376 Fed.Appx. 702, 703-704, 2010 WL 1513835, 1 (9th Cir. 2010) (using modified categorical approach to determine that the defendant's conviction under Cal. Health & Safety Code § 11352(a) involved a federally controlled substance, where both the sworn, certified criminal complaint to which the defendant pleaded guilty and the transcript of the plea proceedings established the conviction involved cocaine); *Garcia-Ruesga v. Holder*, 371 Fed.Appx. 753, 754, 2010 WL 997114, 1 (9th Cir. 2010) ("[U]nder the modified categorical approach, the indictment from Garcia-Ruesga's California case clearly demonstrates that the controlled substance involved in Garcia-Ruesga's crime was cocaine, which is covered by the Controlled Substances Act.").[2] Defendant was ineligible for pre-conclusion voluntary departure under Section 241(a)(2)(B)(i) of the Immigration and Nationality Act on the grounds that his February 1999 conviction was a controlled substance offense as defined in section 102 of the Controlled Substances Act, and he is not entitled to dismissal of his present criminal charge.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's [Doc. No. 15] motion to dismiss the Indictment.

**IT IS SO ORDERED**.

DATED: August 26, 2011

Hon. Michael M. Anello
United States District Judge

---

[2] Cited in compliance with Federal Rules of Appellate Procedure, Rule 32.1, governing the citation to unpublished opinions. Unpublished dispositions and orders of the Ninth Circuit Court of Appeals are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion. *See* USCS Ct App 9th Cir, Circuit R 36-3.