# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>                      Plaintiff,<br><br>vs.<br><br><br><br>RAUL EDGARDO CASTRO,<br><br>                      Defendant. | CASE NO. 11cr1091-MMA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION;**<br><br>[Doc. No. 24]<br><br>**VACATING ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT;**<br><br>[Doc. No. 23]<br><br>**DISMISSING INDICTMENT**<br><br>[Doc. No. 1] |

On March 23, 2011, a grand jury returned a one-count Indictment charging Defendant Raul Edgardo Castro with Attempted Entry After Deportation in violation of 8 U.S.C. § 1326(a) and (b). Defendant moved to dismiss the Indictment based on an invalid prior order of deportation. On August 26, 2011, after hearing the oral arguments of counsel, the Court issued an order denying the motion. Defendant now moves for reconsideration of the August 26, 2011 Order, arguing that the Court based its ruling on the incorrect conclusion that Defendant was ineligible for pre-conclusion voluntary departure due to his prior conviction involving a federally controlled substance. For the following reasons, the Court **GRANTS** Defendant's motion for reconsideration, **VACATES** the

August 26, 2011 Order denying Defendant's motion to dismiss, and **DISMISSES** the Indictment.

### DISCUSSION

In support of his motion, Defendant asserts, in pertinent part:

> The Court ruled that Mr. Castro was ineligible for pre-conclusion voluntary departure based on his controlled substance conviction pursuant to INA § 241(a)(2)(B)(i). (Ct. Order Denying Def. Mtn. 5:10-14, August 26, 2011.) The Court's reliance on INA § 241(a)(2)(B)(i) is incorrect for two reasons: first, this section of the INA does not exist; second, no part of section 241 addresses the requirements to be eligible for pre-conclusion voluntary departure. See Exhibit A "Ex. J," INA § 241. The statute addressing pre-conclusion voluntary departure is INA § 240B(a)(1). 8 U.S.C. § 1229c(a)(1). Only applicants with a prior conviction for an aggravated felony or charged with being deportable for terrorism grounds are ineligible for pre-conclusion voluntary departure. Id. Individuals with controlled substance convictions are eligible for pre-conclusion voluntary departure. Id.

*See Defendant's Motion*, 2.

With respect to Defendant's first argument above, the Court acknowledges that there is a single citation to Section 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), appearing on page 5 of its Order as follows:

> Defendant was ineligible for pre-conclusion voluntary departure under *Section 241(a)(2)(B)(i) of the Immigration and Nationality Act* on the grounds that his February 1999 conviction was a controlled substance offense as defined in section 102 of the Controlled Substances Act, and he is not entitled to dismissal of his present criminal charge.

(emphasis added). This was an inadvertent error in citation by the Court to the original and former designation of this particular section of the INA. The correct citation is to Section 237(a)(2)(B)(i)[1] of the INA, which states:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

*See* 8 U.S.C. § 1227(a)(2)(B)(i).[2] As such, the Court notes for the record that the August 26, 2011

---

[1] This section was originally enacted as Section 241 of Title II of the INA and was re-designated as Section 237 on September 30, 1996, P.L. 104-208, Div C, Title III, Subtitle A, § 305(a)(2), 110 Stat. 3009-598 (effective as provided by § 309(a) of such Act, which appears as 8 USCS § 1101 note).

[2] The INA was enacted in 1952, and has been amended many times over the years. The INA is divided into titles, chapters, and sections. Although it stands alone as a body of law, the INA is also contained in Title 8 of the United States Code. Therefore, it is correct to refer to a specific section of the INA by either its INA citation or its U.S.C. citation.

Order should have cited this section of the INA.

Defendant also argues that individuals with controlled substance convictions are in fact eligible for pre-conclusion voluntary departure, and therefore the Court erred as a matter of law in concluding Defendant was not eligible for relief on this basis. Defendant is correct. Section 240B(a)(1) of the INA states:

> The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 240 or prior to the completion of such proceedings, if the alien is not deportable under section 237(a)(2)(A)(iii) or section 237(a)(4)(B).

*See* 8 U.S.C. § 1229c(a)(1). Defendant argues he was eligible for pre-conclusion voluntary departure because he was not removable based on an aggravated felony or participation in terrorist activities, 8 U.S.C. §1229c(a)(1); 8 U.S.C. §§1227(a)(2)(A)(iii), (a)(4)(B), and his application could have plausibly been granted based on his length of residence in the United States, his family ties, his work history, and his financial ability to voluntarily depart the country. Indeed, the Court determined in the August 26, 2011 Order that Defendant had not been convicted of an aggravated felony (nor has he participated in terrorist activities). Thus, the IJ's failure to inform Defendant of his apparent eligibility for pre-conclusion voluntary departure violated due process. *See United States v. Frias-Flores*, No. 09-50658, 2011 U.S. App. LEXIS 6852, 2011 WL 1229770, at *1-2 (9th Cir. Apr. 4, 2011) (IJ's failure to weigh or hear evidence on pre-conclusion voluntary departure claim rendered the removal order constitutionally defective); *Zamudio-Pena v. Holder*, 333 Fed. Appx. 165, 2009 WL 1396824, at *2 (9th Cir. 2009) (holding that an IJ must sufficiently explain both pre-hearing and post-hearing voluntary departure to those respondents who may be eligible for either); *see also United States v. Basulto-Pulido*, No. 05-50972, 219 Fed. Appx. 717, 718-719 (9th Cir. Jan. 25, 2007) (holding that alien's procedural due process rights were violated when IJ failed to explain to him what pre-conclusion voluntary departure was or to inform him of his apparent eligibility for it at his last master calendar hearing); *United States v. Martinez-Zavala*, No. 09-cr-1774, 2009 U.S. Dist. LEXIS 70353, 2009 WL 2485751 (unpublished) (S.D.Cal.2009) (holding that failure to timely advise defendant of apparent eligibility for pre-conclusion voluntary departure, and of the differences between pre-and post-conclusion voluntary departure, violated his

right to procedural due process).

"The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is 'mandatory,' and '[f]ailure to so inform the alien ... is a denial of due process that invalidates the underlying deportation proceeding.'" *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir.2004) (citation omitted) (bracketed alteration in original); *see also* 8 C.F.R. § 1240.11 (an immigration judge must inform an alien of apparent eligibility for relief from deportation). With the due process violation and a showing of prejudice, the entry of the May 18, 1999 removal order "was fundamentally unfair" under 8 U.S.C. § 1326(d). *See Ubaldo-Figueroa*, 364 F.3d at 1048. Accordingly, Defendant's waiver of his right to appeal was not "considered and intelligent," *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001), and he is exempt from the exhaustion requirement of 8 U.S.C. § 1326(d). *See United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 n. 2 (9th Cir. 2004). Count one of the Indictment charges Defendant with illegal reentry based upon an invalid prior order of deportation. Under these circumstances, the Court must dismiss the Indictment. *See United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004) (explaining that an underlying removal order serves as a predicate element of an illegal reentry offense under section 1326).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for reconsideration, **VACATES** the August 26, 2011 Order denying Defendant's motion to dismiss, and **DISMISSES** the Indictment.

**IT IS SO ORDERED**.

DATED: September 21, 2011

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge